UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENEFER WEIRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV2118MLM |
| ) | |
| JONES LANGE LASALLE AMERICAS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's Motion to Remand. [Doc. 2] Defendant responded in opposition. [Doc. 4] The time for filing a reply has passed and no reply has been filed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 5]

In her Motion to Remand, plaintiff alleges the case should be remanded because defendant's Notice of Removal was untimely filed pursuant to 28 U.S.C. § 1446[1] which provides:

> **(b) the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth a claim for relief upon which such action or proceeding is based, . . .**
>
> **If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**

On June 23, 2011 plaintiff filed a Petition in the Circuit Court of St. Louis County which alleged that she sustained injuries resulting from an incident and that as a result of the incident she incurred medical expenses in excess of Ten Thousand Dollars ($10,000). To insure that the matter would be heard in Circuit Court, plaintiff prayed for judgment in excess of Twenty-Five Thousand

---

[1] The parties do not dispute that there is complete diversity of citizenship between the parties. The issue is the amount in controversy and its effect on timeliness.

Dollars ($25,000). In her Petition, plaintiff did not state that she was seeking an amount in excess of the federal jurisdictional limit of Seventy-Five Thousand Dollars ($75,000).

There was an exchange of several emails from defendant to plaintiff's counsel requesting that the plaintiff provide defendant a demand. Plaintiff did not provide a specific response. On October 21, 2011 defendant served plaintiff with its First Interrogatories in which defendant asked: "25. Pursuant to Mo.Rev.Stat. § 509.050 please state the total amount of monetary damages you are claiming." In her response to Interrogatory 25 plaintiff stated in pertinent part ". . .at this juncture and in an earnest effort to comply with the intent and purpose of R.S.Mo. § 509.050.2, plaintiff anticipates asking the jury for at least One Million Dollars ($1,000,000) in compensatory damages with respect to the serious injuries and damages suffered by her and as outlined or referenced herein. . . ." Based on this response provided by plaintiff, which for the first time stated plaintiff intended to seek damages in excess of the federal jurisdictional limit, defendant filed its Notice of Removal on December 7, 2011. Plaintiff filed her Motion to Remand on December 8, 2011.

"We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) quoting In Re Willis, 228 F.3d 896, 897 (8th Cir. 2000). The Knudson court noted that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. at 974.

In Knudson, the Eighth Circuit rejected appellate's suggestion that a defendant should be required to "glean" the extent of damages based on generalities in the Petition. In the instant case, because plaintiff was prohibited by Missouri Rule of Civil Procedure 55.19 from explicitly stating a dollar amount or figure claimed as damages and because plaintiff did not provide defendant with any amended pleading, motion, order or other paper from which one could discern that the case

was removable until the November 9, 2011 Answers to Interrogatories, defendant's Notice of Removal, (filed December 7, 2011), was timely filed.

Defendant's contrary arguments are without merit and the cases cited are not on point because they do not deal with the time limitation of 28 U.S.C. § 1446(b). <u>Knudson</u>, (2011) controls.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Remand is DENIED. [Doc. 2]

**IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference shall be held on January 27, 2012 as more fully set out in the Order Setting Rule 16 Scheduling Conference filed contemporaneously herewith.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this  30th  day of December, 2011.